## BROWN et al. v. WASAFF.

No. 16101. Opinion Filed July 19, 1927.

Rehearing Denied Sept. 20, 1927.

(Syllabus.)

1. **Mines and Minerals—Requisites of Mining Partnership or Joint Adventure.**

A mining partnership or joint adventure cannot exist, unless there is a co-operation among the parties in the development of a lease for oil and gas, each agreeing to pay his part of the expenses and to share in the profits and losses.

2. **Partnership—Mere Intention to Form Relation in Future.**

Where it is the intention of the parties that a partnership is to become effective upon the happening of a certain contingency, or is to take effect at a future day, the relation of partners does not exist.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by George R. Brown et al. against K. Wasaff et al. Judgment for intervening lien claimants and for defendant K. Wasaff, and plaintiffs bring error. Affirmed.

M. A. Dennis and Neely & Wooley, for plaintiffs in error.

Van H. Albertson and T. L. Blakemore, for defendant in error.

CLARK, J. This cause presents error from the district court of Creek county. K. Wasaff was owner of a 40-acre oil and gas mining lease, located in Creek county. He owned what was known as the working interest, or 7/8ths, conditioned that oil and gas be found in paying quantities.

On the 20th day of November, 1922, Wasaff entered into a written contract with L.E. McFarland, whereby McFarland was to drill a well on said leasehold, in which McFarland agreed to complete a well on said premises and to furnish without cost to Wasaff all casing, fuel, and other equipment to complete the well, and all expenses incident thereto to be paid by McFarland. The contract further provided McFarland was to save and protect Wasaff from all liens for labor or material furnished. The contract provided that upon the completion of said well Wasaff was to assign to McFarland a 3/4ths interest in the lease.

McFarland went on to the premises and began drilling the well as provided. As the well progressed McFarland assigned certain interests in said lease to plaintiffs herein. Sometime before the well was drilled to producing oil sand, McFarland, owing to financial difficulties, was unable to proceed with the drilling. The owners of the land insisted that the property be developed. Wasaff, in order to help McFarland complete the well under the terms of his contract, agreed to give him an additional 1/32nd interest. McFarland went ahead and after encountering the oil sand and before the well was drilled in, the casing collapsed in

the hole. McFarland abandoned the well and left the county. Thereafter plaintiffs, assignees of McFarland, met and agreed to complete the well, and it was finally completed. About this time plaintiffs instituted this action, in which they sought a receiver for the property and asked that the leasehold be sold to pay expenses and indebtedness.

Plaintiffs allege that they were assignees of McFarland and that he had failed to carry out his contract with them to complete the well without cost to them and that in order to complete the well it became necessary for them to expend certain moneys of their own, and they set out in their petition the amount expended by each of plaintiffs; and that certain of said assignees had paid more than their proportionate shares to complete said well.

Certain lien claimants intervened and asked that said property be sold to satisfy their claims and liens against the leasehold.

The court found in favor of the lien claimants and ordered the property sold to satisfy the liens for labor and material, in the approximate sum of $15,000 and ordered the residue, if any, held until further order of the court. The property was sold and brought $20,000, leaving a balance, after paying all liens and costs, in the sum of $4.282.45. The court, upon the final hearing, ordered the residue paid to Wasaff.

Plaintiffs appealed, contending that plaintiffs and Wasaff were a mining partnership.

The record disclosed that after McFarland had abandoned the well his assignees had a meeting, which Wasaff attended, for the purpose of raising money to complete the well. An assessment was made to raise said fund. Wasaff agreed that, if assignees of McFarland would go ahead and complete his contract, in addition to the 3/4ths provided for in the contract, he would assign to them the 1/32nd interest he had agreed to give McFarland. It was this agreement, plaintiffs contend, which formed a mining partnership.

With this contention we cannot agree. The plaintiffs were claiming under McFarland's contract and had no right nor interest in or to said lease except as assignees of McFarland. McFarland, under his contract, was to complete the well free from liens. This part of the contract was not performed. The well was completed, but not free from liens. The liens were created by McFarland, or his assignees. This contract would have become a mining partnership had

plaintiffs carried out its provisions and completed the well free from liens. Plaintiffs are not in a position to ask that Wasaff be required to carry out his part of the contract or to claim any benefits under said contract unless they could first show that they had performed their part of the contract providing for the completion of the well free from liens. Plaintiffs are claiming under McFarland and could acquire no greater interest than could have been acquired by McFarland.

Plaintiffs' contention that a mining partnership existed is not supported by the facts, and the trial court was not in error in holding against said contention. If the trial court had held that a mining partnership existed, plaintiffs, under that state of facts, could not have prevailed. Plaintiffs would have acquired a 3/4ths interest in said leasehold in consideration of the completion or of the drilling of the well, the expenses to be paid by them. The liens which were created were created by McFarland, not Wasaff. It was the duty of McFarland, or his assignees, to pay said indebtedness and satisfy the liens. Wasaff was to have a 1/4th interest; he paid his share by furnishing the lease. Whatever their legal relation may be, there remained the obligation to complete the well free of cost to Wasaff. This was not done. Wasaff's lease was sold to satisfy liens created by McFarland. Plaintiffs failed to carry out McFarland's contract and could acquire no rights under the same.

Judgment of the trial court is correct, and is affirmed.

BRANSON, C. J., and HARRISON, HUNT, and RILEY, JJ., concur. PHELPS, J., dissents.

Note —See under (1) 40 C. J. p. 1145, 798; 20 R. C. L. p. 1058. (2) 40 C. J. p. 1144, §797; 30 Cyc. p. 358; 20 R. C. L. p. 811; 5 R. C. L. Supp. p. 1127.